IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00833-MSK-KLM

UNILEVER SUPPLY CHAIN, INC., a Delaware corporation,

    Plaintiff,

v.

DAZYS LLC, a Colorado corporation; and
BRYAN SWANTON,

    Defendants.

## FINAL JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER comes before the Court on the parties' Stipulated Motion for Entry of Final Judgment and Permanent Injunction. After considering the Motion, and the terms of the judgment and injunction agreed upon by the parties, the Court finds that Defendants Dazys LLC and Brian Swanton (the "Defendants") have consented to the entry of final judgment against them, and to the enforcement of the permanent injunction set forth below. Upon agreement of the parties,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**PERMANENT INJUNCTION**

1. Defendant Dazys LLC and its members, officers, owners, directors, representatives, associates, employees, agents, licensees, attorneys, successors and assigns, and Defendant Bryan Swanton and his representatives, associates, employees, agents, licensees, attorneys, successors and assigns and/or all those in active concert or participation with Defendants and/or any person and/or entity controlled directly or indirectly by Defendants, are

permanently enjoined and restrained from, directly or indirectly:

(a) using and/or authorizing any third party to use in any manner, as a trademark, service mark, domain name, business name, trade name and/or other symbol of origin, and/or on or in connection with any social media website, including but not limited to Facebook and/or Twitter, the term POTSICLES, any name and/or mark incorporating POTSICLES and/or otherwise incorporating SICLE, and/or any other counterfeit, copy, simulation, confusingly similar variation and/or colorable imitation of Plaintiff's SICLE Family of Marks, collectively or individually, in any manner or form, on or in connection with any business, products and/or services, and/or in the marketing, advertising and/or promotion of same anywhere in the world;

(b) imitating, copying or making any unauthorized use of Plaintiff's SICLE Family of Marks, collectively or individually, and/or any copy, simulation, variation and/or imitation thereof;

(c) making and/or displaying any statement and/or representation that is likely to lead the public and/or trade to believe that Defendants, or either of them, and/or the goods and/or services of Defendants, or either of them, are in any manner associated and/or affiliated with and/or approved, endorsed, licensed, sponsored, authorized and/or franchised by and/or are otherwise connected with Plaintiff;

(d) making any false and/or misleading claims and/or statements concerning Plaintiff and/or Plaintiff's products and/or brands;

(e) using and/or authorizing any third party to use in connection with the rendering, offering, advertising, and/or promotion of any goods, products and/or services, any false description, false representation, and/or false designation of origin, and/or any marks, names, words, symbols, devices and/or trade dress which falsely associate or tend to falsely

associate such goods, products and/or services with Plaintiff;

(f) diluting the distinctive quality of Plaintiff's SICLE Family of Marks, collectively or individually;

(g) registering and/or applying to register as a trademark, service mark, domain name, Facebook page, Twitter handle, other social media address or account name, trade name and/or other source identifier and/or symbol of origin POTSICLES and/or any other name or mark incorporating SICLE, whether alone or in combination with any other words and/or designs, and/or any mark, trade dress and/or name that infringes or is likely to be confused with Plaintiff's SICLE Family of Marks, collectively or individually;

(h) engaging in any other activity constituting unfair competition with Plaintiff, and/or constituting infringement of Plaintiff's POPSICLE®, CREAMSICLE®, FUDGSICLE®, CHOCSICLE® and/or YOSICLE trademarks and/or logos, and/or of Plaintiff's rights therein; and

(i) aiding, assisting or abetting any other party in doing any act prohibited by Subparagraphs (a) through (h).

## FURTHER RELIEF

2. On or before May 2, 2011, Defendants or their attorneys shall provide Plaintiff's counsel with written confirmation that Defendants have permanently ceased all use, directly or indirectly, of POTSICLES, and/or any other term incorporating "SICLE", in any format in any media in connection with the manufacture, marketing, advertising, promotion, distribution, importation, export and/or sale of any goods or services throughout the world.

3. On or before May 2, 2011, Defendants or their attorneys shall provide Plaintiff's counsel with written confirmation either (a) that Defendants (i) have permanently disabled any

domain name owned or controlled by either Defendant which incorporates "potsicle(s)", "sicle" and/or any other term which includes "sicle" ("Infringing Domain Name") and/or any website associated with any Infringing Domain Name ("Infringing Website") and/or any use of "potsicle(s)" and/or any other term which incorporates "sicle" on any social media site ("Infringing Social Media Uses") and (ii) have canceled all registrations for any Infringing Domain Names, and/or have disabled any Infringing Websites and/or have terminated any Infringing Social Media Uses, or (b) that no Infringing Domain Names, Infringing Websites or Infringing Social Media Uses exist.

4. No later than five (5) business days following the "So Ordering" of this Final Judgment and Permanent Injunction on Consent, Defendant Dazys shall (a) execute an Express Abandonment (Withdrawal) of the Application with prejudice, (b) file the same electronically with the United States Patent and Trademark Office ("PTO") and (c) notify Plaintiff's counsel of the filing of the same.

5. Neither Defendant shall seek to revive or re-file the Application following its abandonment.

6. Neither Defendant shall challenge Plaintiff's rights in the SICLE Family of Marks, collectively or individually, or Plaintiff's use of the SICLE Family of Marks, collectively or individually, for any products and/or services anywhere in the world.

7. Neither Defendant shall at any time make any statement, whether written or oral, in or to any media or otherwise, including, without limitation, to any customer, client, employee of Plaintiff or its direct or indirect parents, subsidiaries, affiliates and/or related companies, which in any way denigrates, disparages, tarnishes the image of, or otherwise conveys negative information about or reflects negatively upon (a) Plaintiff and/or its direct or indirect parents,

subsidiaries, affiliates and/or related companies and/or each and all of their past and/or present officers, directors, employees and/or agents, (b) the SICLE Family of Marks, collectively or individually, (c) the products in connection with which such marks are used, (d) any other trademarks, brands or products of Plaintiff or its affiliated companies, and/or (e) ice cream and/or frozen confections generally.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that each of the parties shall bear its own costs and attorneys' fees; provided, however, that should any action by either of the parties be necessary to enforce any of the terms or conditions of this Final Judgment and Permanent Injunction, the prevailing party shall be entitled to its reasonable attorneys' fees and costs in addition to other relief, and the other party agrees to pay the prevailing party's attorneys' fees and costs within forty-five (45) days of entry of judgment against it.

DATED this 6th day of May, 2011.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge